**John R. GILKER, Appellant,**

v.

**Duane BAKER, Robert Doom and Albert Marinello, et al., Appellees.**

No. 76–2441.

United States Court of Appeals, Ninth Circuit.

June 7, 1978.

Thomas J. Koerber (argued), Van Nuys, Cal., for appellant.

Thomas J. Feeley (argued), Burbank, Cal., for appellees.

Before GOODWIN, WALLACE, and HUG, Circuit Judges.

GOODWIN, Circuit Judge:

Plaintiff appeals the dismissal of his 42 U.S.C. § 1983 damages-action at the close of the plaintiff's evidence.

We must decide whether Gilker's evidence raised a jury issue, and, if so, what defenses may be asserted.

Gilker claimed that defendant police officers acting under color of law denied him his constitutional rights by illegally arresting him. To prevail, such a plaintiff must show that the arrest was without warrant or other justification.

Evidence that there was probable cause to make the arrest can come from the plaintiff's own witnesses. Such evidence may be so great as to permit a dismissal at the end of the plaintiff's case. *Bergstralh v. Lowe*, 504 F.2d 1276, 1279–80 (9th Cir. 1974) (concurring opinion), *cert. denied*, 420 U.S. 930, 95 S.Ct. 1131, 43 L.Ed.2d 402 (1975). But, in the usual case, the plaintiff meets his initial burden by proving a prima facie case. Once a warrantless arrest is established, the burden of going forward with the evidence passes to the defendant. The plaintiff retains the risk of nonpersuasion on the issue of illegal arrest. *Martin v. Duffie*, 463 F.2d 464, 468–69 (10th Cir. 1972). Within the foregoing framework, the ultimate issue is for the jury.

Here, the court, without waiting for the defendants to make their motion to dismiss or to lay an evidentiary foundation for their rationale for the arrest, dismissed the case on the ground that probable cause to arrest Gilker existed as a matter of law. In so ruling, the court drew inferences about disputed facts and reached conclusions that are ordinarily reserved in a civil action for the jury as triers of fact. *Cf. Beauregard v. Wingard*, 362 F.2d 901 (9th Cir. 1966) (jury decided the existence of probable cause by a special interrogatory).

The evidence showed that the officers found Gilker sitting in his car near an early morning fire in which arson was suspected. Gilker testified that a police officer brought a fireman over and said, "Gilker, what would you say if I told you that this fireman saw you masturbating in the car?" Gilker replied, "I would call him a goddam liar." Gilker's testimony also reveals that the police officers had knowledge that he had one or more arrests for sexual offenses. When the police officer came back with Gilker's license, Gilker testified, the officer said, "You're a registered sex deviate."

The officers asked Gilker why he happened to be present at the scene of the fire. He replied that he had been awake all night, partly because of his depression over the recent breakup of his marriage and partly because he had just learned that a favorite pet had died. He said he was up early to mail a letter to his daughter and to go to his place of work to see if a strike had ended; he saw the fire while returning home, and helped two women turn in an alarm.

A search of Gilker's car revealed a small bottle containing a few ounces of brake fluid and two handkerchiefs, one of them wet. Gilker's explanation for the brake fluid was that he needed to refill his master cylinder frequently through a hole he had drilled in it. There was some question about when he had last filled it. He explained the wet handkerchief by saying that he was depressed and had been crying. The officers found no indication of masturbation. The police took Gilker to the station and booked him on suspicion of arson.

The district court found from the foregoing facts probable cause to arrest as a matter of law. The court may have been impressed with the conventional wisdom of arson experts that some connection exists between certain types of arson and sexual excitement. There was nothing visible in Gilker's car, however, to substantiate the fireman's opinion that Gilker fit the sex-arson stereotype. There was no evidence at all to constitute probable cause to believe Gilker had set the fire.

Gilker's explanation of his presence at the scene was not convincing, but neither was it necessarily suspicious. His explanation lent itself to verification which apparently was never sought. In any event, the sorting out of such facts is jury work.

His explanation of the brake fluid bottle was not unreasonable on the record. There was no testimony whether the fluid was flammable, nor whether the bottle, when full, held enough fluid to start a fire.

■ A determination of probable cause involves the weighing of many factors.

When, as here, reasonable persons might reach different conclusions about the facts, the establishment of those facts is for the jury, and the existence of probable cause is likewise for the jury, upon a proper instruction about the law.

On remand, the district court should bear in mind the standard set forth in *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Although the *Strickland* standard was explicitly limited to the specific context of school discipline, 420 U.S. at 322, 95 S.Ct. 992; *O'Connor v. Donaldson*, 422 U.S. 563, 577, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), and, most recently, *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), show the intention of the Court to apply the same standard in other contexts.

The Court in *Procunier* stated:

" * * * [T]he immunity defense would be unavailing to petitioners if the constitutional right allegedly infringed by them was clearly established at the time of the challenged conduct, if they knew or should have known of that right and if they knew or should have known that their conduct violated the constitutional norm. * * * " 434 U.S. at 562, 98 S.Ct. at 860.

■■ Although we must agree with the Second Circuit in *Bivens v. Six Unknown Agents*, 456 F.2d 1339 (2d Cir. 1972), that law enforcement officials perform functions indispensable to the preservation of public safety and that they must not be left defenseless, 456 F.2d at 1347, it does not follow that an unreasonable ignorance of the law or an entirely subjective "good faith" belief is always a defense in section 1983 damage actions. A defendant can establish a defense by showing that he had no reasonable basis for knowing that his conduct would result in the overriding of another person's constitutional rights and that he acted in good faith.

Because of our disposition, we do not reach Gilker's other contentions; they should be properly addressed to the district court in the context of a new trial.

Reversed and remanded.