627 P.2d 1257

**Rene HIRTH, Plaintiff-Appellant,**

v.

**Rex HALL, Defendant-Appellee.**

**No. 4746.**

Court of Appeals of New Mexico.

April 16, 1981.

B. James Reeves, Campbell, Reeves, Burn & Burn, Las Cruces, for plaintiff-appellant.

Kent Cooper, Gary Jeffreys, P. C., Deming, for defendant-appellee.

## OPINION

HERNANDEZ, Chief Judge.

Plaintiff appeals from the summary judgments which dismissed her three causes of action. We affirm in part and reverse in part.

Defendant, an attorney, was employed by plaintiff to form a corporation and to negotiate a contract for the corporation. Defendant and his wife somehow came to hold shares of stock in the corporation. Several disagreements arose between the parties and plaintiff ended the attorney-client relationship. She sent defendant a check on December 30, 1977, to pay his attorney's fees; delivery of the check was to be conditioned upon defendant's return of the stock. On the same day, December 30, defendant took the check to his bank and asked the bank to verify whether the check was good. He was told that there were insufficient funds in plaintiff's account to cover the check. Plaintiff made a night deposit to cover the amount of the check, which was posted on January 3, 1978; on that same day she stopped payment on the check because the stock had not been returned. The check was returned to defendant on January 5, marked "stop payment."

After defendant talked to the Assistant District Attorney and the District Attorney, a criminal complaint was issued under the Worthless Check Act, for which the penalty would be "imprisonment in the penitentiary for not less than one year nor more than three years or the payment of a fine of not more than one thousand dollars ($1,000) or both such imprisonment and fine." § 30–36–5, N.M.S.A.1978. The magistrate dismissed the complaint against plaintiff for lack of probable cause. Plaintiff then filed her civil complaint, seeking damages for invasion of privacy, abuse of process, and malicious prosecution.

■ The elements of a cause of action for malicious prosecution are stated by the Restatement (Second) of Torts, § 653 (1977):

A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if

(a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and

(b) the proceedings have been terminated in favor of the accused.

It is true, as defendant argues, that "[a] public prosecutor acting in his official capacity is absolutely privileged to initiate, institute, or continue criminal proceedings." Restatement (Second) of Torts, § 656 (1977); *Hughes v. Van Bruggen*, 44 N.M. 534, 105 P.2d 494 (1940). It is not enough, however, to show that the criminal proceeding was initiated by the prosecutor without "direction, request or pressure" from the person supplying the information. That person must also show that the information was not known by the giver to be false.

If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining

factor in the official's decision to commence the prosecution, *or that the information furnished by him upon which the official acted was known to be false.* Restatement (Second) of Torts, § 653, Comment (g) (1977) (Emphasis added.); *Hughes v. Van Bruggen, supra.* This being a summary judgment proceeding, it was defendant's obligation to make a showing that he was entitled to summary judgment. Defendant has not made such a showing; there are conflicting inferences from the facts in the affidavits and depositions as to whether defendant furnished false information by not disclosing to the District Attorney several relevant aspects of the dispute between the parties. Summary judgment was improper. *See Yucca Ford, Inc. v. Scarsella,* 85 N.M. 89, 509 P.2d 564 (Ct.App. 1973).

■ The facts show that defendant was informed there were insufficient funds in plaintiff's checking account on the date when defendant inquired. When the check was returned, however, it was marked "stop payment" and not "insufficient funds." Defendant, knowing this and the disagreement over the stock, did not investigate further into the reason the check was not honored. Defendant, as an attorney, had the means and knowledge to research the Worthless Check Act to determine whether it applied to plaintiff's action, when the services had been fully rendered before the check was given.

> Circumstances known or believed by the accuser may be incriminating to the accused and yet may not so clearly indicate guilt that a reasonable man would initiate criminal proceedings without investigation....
>
> In summary, it may be said that the defendant has probable cause only when a reasonable man in his position would believe, and the defendant does in fact believe, that he has sufficient information as to both the facts and the applicable law to justify him in initiating the criminal proceeding without further investigation or verification.

Restatement (Second) of Torts, § 662, Comment (j) (1977). This is particularly true of an attorney dealing with a matter such as the one here; he should be careful to make full investigation and to fully disclose the relevant facts. We hold that the circumstances under which defendant, as an attorney, acted in initiating the criminal proceeding are sufficient to raise fact issues as to defendant's lack of probable cause and an improper purpose. *Yucca Ford, Inc. v. Scarsella, supra.* The district court's summary judgment on Count III of plaintiff's complaint is therefore improper.

■ We affirm the summary judgments which were granted on plaintiff's causes of action for invasion of privacy and abuse of process. There is no showing of either a physical intrusion or publicity placing plaintiff in a false light to support an invasion of privacy cause of action under *Montgomery Ward v. Larragoite,* 81 N.M. 383, 467 P.2d 399 (1970). Neither is there any evidence that defendant committed "an act in the use of the process other than such as would be proper in the regular prosecution of the charge" to support a cause of action for abuse of process. *Farmers Gin Co. v. Ward,* 73 N.M. 405, 389 P.2d 9 (1964); *Hertz Corp. v. Paloni,* 95 N.M. 212, 619 P.2d 1256 (Ct.App.1980). The fact that defendant sent a regular monthly billing to plaintiff after process issued is not such an improper use of process. The district court's summary judgments as to Counts I and II of plaintiff's complaint are therefore affirmed.

The case is remanded with instructions to vacate the judgment heretofore entered insofar as it applies to plaintiff's cause of action for malicious prosecution and reinstate this case on its trial calendar.

IT IS SO ORDERED.

WOOD and SUTIN, JJ., concur.