**Kenneth S. CAMERON, Plaintiff,**

v.

**Matthew FOGARTY and John Halbig, Defendants.**

**No. 82 CV 457 (ERN).**

United States District Court, E.D. New York.

Aug. 20, 1985.

Washington Square Legal Services, Inc., Civil Rights Clinic, New York City by Claudia Angelos, for plaintiff.

F.A.O. Schwarz, Jr., Corp. Counsel, City of New York, New York City by John Bykowsky, Asst. Corp. Counsel, for defendants.

MEMORANDUM ORDER

NEAHER, District Judge.

Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1343 to seek redress under 42 U.S.C. § 1983 for an arrest allegedly made by two New York City police officers without probable cause. The case is before the Court upon defendants' motion to amend the answer to assert the defense of collateral estoppel and coincident motion for summary judgment upon that defense.

The transcript of a state criminal trial, in which plaintiff was convicted of possession of stolen property, provides the basis for defendants' motion. They contend that the existence of probable cause to arrest plaintiff was determined in that trial and bars the instant suit.

The trial record reveals that plaintiff was convicted of possessing a stolen automobile, which had been rented by his girlfriend from a Hertz facility at Chicago's

O'Hare airport, using a false identification. Plaintiff was later apprehended by defendant police officers in Manhattan after he failed to stop for a red light and then parked the stolen vehicle in a bus stop. At trial the following colloquy occurred regarding the arrest of the plaintiff and the search of his person for evidentiary items.

"MR. DOCKERY: I hate to bother the Court with what may be a trifling matter.

"You recall in a brief bench conference this morning, in the course of the officer's [Fogarty's] testimony who is about to resume the stand, I asked to make very sure that the search which was to follow at the police station and the statements then taken, and all these things, that those would be probably [sic] structured.

"The Court permitted me to wait until it became more timely.

"Thereafter when these things were introduced into evidence I took objection and I also asked the Court to give me permission to renew an objection on a later date after cross-examination.

"But at this point it must be clear that the items that were introduced have not been properly foundationed with respect to the propriety of such a thing as admissible evidence in this case.

"I would therefore ask—

"THE COURT: Based on the evidence I heard from this officer, the specific exhibits, driver's license, airline ticket, other property were the incidents of a lawful arrest.

"Under the circumstances they were properly admissible.

"There were no pretrial motions to suppress. I don't know what the basis would have been in making one, under the circumstances of this case.

"It is clear, after the defendant had been arrested, I assume he was searched, and those properties were the consequence of an arrest."

"MR. DOCKERY: Thank you sir. Now I am ready to proceed."

Tr. at 214–16.

On the basis of that ruling, defendants contend that the issue of the existence of probable cause to arrest plaintiff was determined adversely to him, noting that

"* * * 'New York law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.' "

See *Gilberg v. Barbieri*, 53 N.Y.2d 285, 291, 441 N.Y.S.2d 49, 423 N.E.2d 807 (1981) (quoting *Schwartz v. Public Administrator, etc.*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969)); *accord Murphy v. Gallagher*, 761 F.2d 878, 882 (2d Cir.1985).

In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), however, the Supreme Court had recognized that determinations and judgments rendered upon matters in issue in state criminal proceedings may have collateral consequences in a subsequent civil suit brought under 42 U.S.C. § 1983. Thereafter, in *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), which concerned a claim that Virginia police officers had searched the accused's apartment without probable cause, and seized materials used to manufacture a controlled substance, phencyclidine, the Court disposed of the officers' contention that the accused's (plaintiff's) guilty plea to one count of manufacturing a controlled substance collaterally estopped his § 1983 suit. The Court stated,

"We begin by reviewing the principles governing our determination whether a § 1983 claimant will be collaterally estopped from litigating an issue on the basis of a prior state-court judgment. Section 28 U.S.C. § 1738 generally re-

quires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.' In federal actions including § 1983 actions, a state-court judgment will not be given collateral estoppel effect, however, where 'the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court.' Moreover, additional exceptions to collateral estoppel may be warranted in § 1983 actions in light of the 'understanding of § 1983' that 'the federal courts could step in where the state courts were unable or unwilling to protect federal rights.'

"The threshold question is whether under the rules of collateral estoppel applied by the Virginia courts, the judgment of conviction based upon Prosise's guilty plea would foreclose him in a later civil action from challenging the legality of a search which had produced inculpatory evidence."

The teaching of *Prosise supra,* however, which is derived from the mandate of 28 U.S.C. § 1738 and thus stems from the law of Virginia, suggests a different basis for judgment in this case. Unlike New York, in the courts of Virginia, with one exception not relevant to this case, "criminal judgments, whether by guilty plea or adjudicated guilt, have no preclusive effect in subsequent civil litigation." *Prosise v. Haring,* 667 F.2d 1133, 1139 (4th Cir.1981), aff'd 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983) (discussion therein). As the Court of Appeals noted, Virginia's rule against preclusion by criminal judgments rests upon the mutuality requirement, *id.* at 1139 n. 5, which is no longer part of New York's law of collateral estoppel. *Gilberg, supra,* 53 N.Y.2d at 291–92, 441 N.Y.S.2d 49, 423 N.E.2d 807 ("The rejection of the mutuality principle in civil actions also undermined the rule, which had long prevailed in this State, that a conviction in a

criminal case could not be given conclusive effect in a subsequent civil suit. That rule was abandoned in 1973." (citations omitted)).

Under the law of New York, in an action for false arrest or false imprisonment, a conviction which survives appeal is conclusive evidence of probable cause. *Broughton v. State,* 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975), *cert. denied sub nom. Schanbarger v. Kellogg,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). While § 1983 creates a federal cause of action, *Allen, supra,* 449 U.S. at 98, 101 S.Ct. at 416, the allegation of an arrest without probable cause under 42 U.S.C. § 1983, see amended complaint ¶ 24, has been found similar, if not identical to a state law claim for false arrest. *See Raysor v. Port Authority, etc.,* 768 F.2d 34, 39 (2d Cir.1985).

In this case, the amended complaint contains no state claim and specifically alleges:

"25. Plaintiff has no remedy for the violation by defendants of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution under the laws of the State of New York."

That allegation implicitly acknowledges that plaintiff's conviction and unsuccessful appeals to the Appellate Division and the New York Court of Appeals, see amended complaint ¶ 22, bar a state law action for false arrest. In such an action, because the arrest is warrantless, the defendants bear the burden of demonstrating reasonable cause for the arrest, *Broughton, supra,* 37 N.Y.2d at 457–58, 373 N.Y.S.2d 87, 335 N.E.2d 310, which is the equivalent of probable cause. *Raysor, supra.* This same rule applies to a § 1983 action predicated upon a warrantless arrest. *Gilker v. Baker,* 576 F.2d 245, 246 (9th Cir.1978). Given the similarities in the state and federal claims here, logic would dictate that plaintiff's state conviction would also bar a federal claim asserting the absence of probable cause to arrest. *See McClam v. Bar-*

*ry,* 697 F.2d 366, 370–71 (D.C.Cir.1983) (discussion therein); *Martin v. Delcambre,* 578 F.2d 1164, 1165 (5th Cir.1978) (per curiam); *see also Alexander v. City of Peekskill,* 80 A.D.2d 626, 436 N.Y.S.2d 327, 328 (2d Dept. 1981).

In reversing this Court's prior dismissal of this case, the Court of Appeals stated,

"[W]e do not address the issue whether a conviction bars a subsequent civil rights claim based on lack of probable cause to arrest, or whether under the principles of *Allen v. McCurry,* 449 U.S. 90, 103–04 [101 S.Ct. 411, 419–20, 66 L.Ed.2d 308] (1980), appellant may be barred by collateral estoppel."

*Cameron v. Fogarty,* 705 F.2d 676, 678–79 (2d Cir.1983).

With the benefit of the amended complaint drafted by a court-appointed attorney and the teaching of *Haring, supra,* the Court has addressed this issue. Although the court's ruling that plaintiff's conviction bars the instant suit is not based upon collateral estoppel per se, *see Pouncey v. Ryan,* 396 F.Supp. 126, 128 n. 2 (D.Conn. 1975), " * * * the preclusion mandated for state court judgments by section 1738 is not expressly restricted to that achieved under the *'res judicata'* or 'collateral estoppel' labels; * * *." *Brown v. Edwards,* 721 F.2d 1442, 1449 n. 8 (5th Cir.1984) (emphasis in original). Thus, although a finding of probable cause to arrest was not necessary to sustain plaintiff's conviction, *see United States v. Crews,* 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980), under the law of New York, that conviction, sustained on appeal, necessarily includes a finding that there was probable cause to arrest and thereby bars a subsequent civil suit challenging the existence of probable cause for the arrest.

Accordingly, defendants' motion to amend the answer is granted, defendants' motion for summary judgment is granted, and the complaint is dismissed.

SO ORDERED.