TOMANQUI KIRK, PLAINTIFF-APPELLANT, CROSS-RESPON-
DENT, v. THE CITY OF NEWARK, ET AL.,
DEFENDANT-RESPONDENT, CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 20, 1986—Decided August 4, 1986.

Before Judges ANTELL, SHEBELL and MUIR.

*Isabelle R. Strauss,* attorney for appellant, cross-respondent.

*Rosalind Lubetsky Bressler,* Corporation Counsel, attorney for respondent, cross-appellant (*Michael Dougherty,* Assistant Corporation Counsel, on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Plaintiff, Tomanqui Kirk, appeals from a judgment n.o.v. dismissing his action following a jury verdict awarding him $10,000 under 42 *U.S.C.A.* § 1983 against defendant, Virginia Cardillo, a Newark police detective.

Defendant cross-appeals, alleging error in the admittance of certain evidence and in the jury instructions requiring a remand in the event this court reverses the judgment n.o.v.

Plaintiff filed suit in the Law Division asserting deprivation of his rights in violation of § 1983. The basis for his claim was that defendant filed a criminal complaint against him without probable cause. He alleged malicious, reckless and negligent disregard of his constitutional rights in that defendant caused him to be arrested and incarcerated without probable cause.

Defendant's motions for involuntary dismissal at the end of plaintiff's case and at the close of all of the evidence were denied. The court however reserved the right to enter judgment n.o.v. on the question of whether probable cause should have been submitted to the jury.

The jury found upon special interrogatories that although defendant acted without malice she filed the criminal complaint without probable cause and in reckless disregard of plaintiff's constitutional rights.

After verdict, defendant renewed her motion pursuant to *R.* 4:40–2(a). The court granted the motion on the grounds previously reserved and dismissed the complaint with prejudice.

Defendant was assigned to the Youth Aid Bureau with responsibility to investigate child abuse and neglect. By letter

dated March 4, 1981, the Essex County Prosecutor's Office requested that the Newark Police investigate the February 5, 1981 scalding of a three-year-old child. Attached to the letter was the investigative report of a D.Y.F.S. caseworker which noted that the scene of the incident had been examined and that the mother and her paramour, plaintiff Tomanqui Kirk, had been interviewed. The caseworker and Dr. F.W. Fuller, the examining physician, opined that the burns were of "questionable" origin.

Defendant called D.Y.F.S. to verify the information and requested that plaintiff come to her office. He came on March 12, 1981 and, after waiving his *Miranda* rights, signed an exculpatory statement. He agreed to submit to a polygraph test, which was scheduled for March 18, 1981. Thereafter defendant was informed plaintiff had not shown up for the examination. Defendant presented the reports and statement to an assistant Essex County prosecutor assigned to Newark Municipal Court whose responsibility it was to decide whether probable cause was established. Upon his advice and direction, defendant filed a criminal complaint against plaintiff for aggravated assault. Plaintiff was arrested on March 23, 1981 and held for five days until he could make bail.

On April 8, 1981, defendant phoned Dr. Fuller and requested a more detailed report. Dr. Fuller informed her by letter that the burns appeared to be accidental and consistent with plaintiff's version of the incident. Defendant informed the prosecutor's office and the complaint was administratively dismissed.

The court instructed the jury to predicate liability on a finding of a) the absence of probable cause and *either* b) malice *or* c) intentional, deliberate or reckless indifference to plaintiff's constitutional rights. Defendant objected, asserting malice must always be proven. The court also instructed that a finding of good faith or advice of counsel would negate malice or reckless disregard.

Defendant asserts the court must follow the law of malicious prosecution, claiming § 1983 is basically a procedural statute which does not grant substantive rights. She contends plaintiff's action must fail because malice was found not to exist and that the probable cause issue must be resolved as a matter of law by the judge.

Plaintiff however insists his action under 42 *U.S.C.A.* § 1983 is not grounded in the tort of malicious prosecution and that the absence of malice is not dispositive.

42 *U.S.C.A.* § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The threshold inquiry in a § 1983 action is whether plaintiff has been deprived of a right "secured by the Constitution and laws." *Baker v. McCollan,* 443 *U.S.* 137, 140, 99 *S.Ct.* 2689, 2692, 61 *L.Ed.*2d 433, 439 (1979). The trial court noted that at issue were rights secured under the fourth and fourteenth amendments to the United States Constitution, wherein arrest and subsequent detention without probable cause are proscribed. Violation of such rights, under color of state law, will trigger § 1983 liability. *Losch v. Borough of Parkesburg, Pa.,* 736 *F.*2d 903, 907 (3d Cir.1984). *See Patzig v. O'Neil,* 577 *F.*2d 841, 848 (3d Cir.1978).

"[R]elief under § 1983 is not exclusively predicated upon a breach of duty imposed by the law of torts." *Howell v. Cataldi,* 464 *F.*2d 272, 278 (3d Cir.1972); *see Bivens v. Six Unknown Fed. Narcotics Agents,* 403 *U.S.* 388, 409, 91 *S.Ct.* 1999, 2011, 29 *L.Ed.*2d 619, 634 (1971) (Harlan, J., concurring); *Monroe v. Pape,* 365 *U.S.* 167, 196, 81 *S.Ct.* 473, 488, 5 *L.Ed.*2d 492, 510 (1961) (Harlan, J., concurring), overruled on other

grounds, *Monell v. New York City Dept. of Soc. Serv.*, 436 *U.S.* 658, 98 *S.Ct.* 2018, 56 *L.Ed.*2d 611 (1978). A § 1983 violation is not "a tort *qua* tort," but "an invasion of a constitutional protection." *Howell*, 464 *F.*2d at 279; *Dawes v. Philadelphia Gas Commission*, 421 *F.Supp.* 806, 825 n. 24 (E.D.Pa.1976). As the *Howell* court stated:

> The rights protected by § 1983 are public ones, created or adopted by the Federal Constitution or by Congress. By comparison, "[a] tort is an act or omission which unlawfully violates a person's right.... It will be observed that the right violated is private not public. This differentiates tort from crime." *Burdick, Law of Torts*, 1st Ed. pp. 4–5. These federal rights are therefore publicly created, but subject to private vindication. In theory they are akin to the private rights governing the law of torts established either by common law or by statute. But unlike the varying strictures of private tort law, there is a public policy of broad interpretation of the rights sought to be protected. *Valle v. Stengel*, 176 *F.*2d 697, 702 (3d Cir.1949). "The Act prescribes two elements as requisite for recovery: (1) the conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States." *Basista v. Weir, supra,* 340 *F.*2d [74] at 79 [3d Cir.1965]. [464 *F.*2d at 279].

*Accord Popow v. City of Margate,* 476 *F.Supp.* 1237, 1241–1242 (D.N.J.1979).

Section 1983 provides "a uniquely federal remedy," and must be accorded a broad sweep. *Wilson v. Garcia*, 471 *U.S.* 261, 272, 105 *S.Ct.* 1938, 1945, 85 *L.Ed.*2d 254, 264, (1985). Thus:

> Because the § 1983 remedy is one that can "override certain kinds of state laws," *Monroe v. Pape*, 365 *U.S.* 167, 173, 5 *L.Ed.*2d 492, 81 *S.Ct.* 473 (1961), and is, in all events, "supplementary to any remedy any State might have," *McNeese v. Board of Education*, 373 *U.S.* 668, 672, 10 *L.Ed.*2d 622, 83 *S.Ct.* 1433 (1963), it can have no precise counterpart in state law. *Monroe v. Pape*, 365 *U.S.*, at 196, n. 5, 5 *L.Ed.*2d 492, 81 *S.Ct.* 473 (Harlan, J., concurring). Therefore, it is "the purest coincidence," *ibid.*, when state statutes or the common law provide for equivalent remedies; any analogies to those causes of action are bound to be imperfect. [*Ibid.*].

The Civil Rights Act requires a constitutional dimension to the claim asserted; it "protects against some forms of oppression or misconduct which might not be protected by state tort laws." *Dawes*, 421 *F.Supp.* at 825 n. 24; *see also Howell*, 464 *F.*2d at 278. Though procedural in nature, § 1983 authorizes a cause

of action for the deprivation of or injury to a personal right secured by the Constitution or federal law. *See Wilson*, 471 *U.S.* at 276–280, 105 *S.Ct.* at 1947–1949, 85 *L.Ed.*2d at 266–268, aff'g 731 *F.*2d 640, 650–651 (10th Cir.1984) (characterizing § 1983 claims as "personal injury" actions); *Chapman v. Houston Welfare Rights Org.*, 441 *U.S.* 600, 617–618, 99 *S.Ct.* 1905, 1915–1916, 60 *L.Ed.*2d 508, 522–523 (1979); *Walden III, Inc. v. Rhode Island*, 576 *F.*2d 945, 946 (1st Cir.1978); *Almond v. Kent*, 459 *F.*2d 200, 204 (4th Cir.1972).

■ Actions may be brought under § 1983 where there has been an infringement of a liberty interest by intentional conduct, gross negligence or reckless indifference, but not by simple negligence. *Davidson v. O'Lone*, 752 *F.*2d 817, 828–829 (3d Cir.1984), aff'd *sub nom. Davidson v. Cannon*, 474 *U.S.* ——, 106 *S.Ct.* 668, 88 *L.Ed.*2d 677 (1986). The absence of malice was no bar to plaintiff's recovery under § 1983.

■ We reject defendant's contention that the probable cause issue was properly decided by the judge as a matter of law. The determination of whether probable cause existed was for the jury. *Losch*, 736 *F.*2d at 909; *B.C.R. Transport Co. v. Fontaine*, 727 *F.*2d 7, 10 (1st Cir.1984); *Patzig*, 577 *F.*2d at 848. As stated in *Losch*, 736 *F.*2d at 909:

> In cases where substantive liability depends on the reasonableness of the defendants in making a probable cause determination, there is often an issue of credibility. This is particularly true because defendants bear the burden at trial of proving the defense of good faith and probable cause, *see Pierson v. Ray*, 386 *U.S.* 547, 556–57, 87 *S.Ct.* 1213, 1218–19, 18 *L.Ed.*2d 188 (1967), which would ordinarily require their own testimony. Thus, this court stated in *Patzig v. O'Neil* that the reasonableness of defendants' probable-cause determination is for the jury. 577 *F.*2d at 848. *See also B.C.R. Transport Co. v. Fontaine*, 727 *F.*2d 7, 10 (1st Cir.1984).

Only where no genuine issue of any material fact exists or where reasonable minds cannot differ as to the conclusion to be drawn from the evidence is summary disposition by the court appropriate. *Deary v. Three Un-named Police Officers*, 746 *F.*2d 185, 192 (3d Cir.1984); *Thomas v. E.J. Korvette, Inc.*, 476 *F.*2d 471, 475 (3d Cir.1973); *Nesmith v. Alford*, 318 *F.*2d 110,

122-123 (5th Cir.1963), *cert.* den. 375 *U.S.* 975, 84 *S.Ct.* 489, 11 *L.Ed.*2d 420 (1964); *cf. Losch,* 736 *F.*2d at 908-909; *Gilker v. Baker,* 576 *F.*2d 245, 246-247 (9th Cir.1978).

The facts surrounding defendant's actions were not disputed, but there were questions regarding the reasonableness of her investigation and whether there was sufficient basis for her belief that plaintiff committed a crime. Prior to filing the complaint, defendant made no attempt to interview either the child, the mother, Dr. Fuller or attending nurses, nor did she visit plaintiff's apartment or inquire whether photographs had been taken. Rather, she claimed she knew a crime had been committed from the type of burns sustained, Dr. Fuller's questioning of their cause and her interview with plaintiff. The validity of defendant's position was clearly for the jury to determine. *Losch,* 736 *F.*2d at 909; *B.C.R. Transport Co.,* 727 *F.*2d at 19; *Reeves v. City of Jackson,* 608 *F.*2d 644, 651 (5th Cir.1979); *Scott v. Donovan,* 539 *F.Supp.* 255, 258 (N.D.Ga. 1982).

Subsequent to the trial of this case the United States Supreme Court made clear the extent of the immunity from suit available to a law enforcement officer under 42 *U.S.C.A.* § 1983 in circumstances such as these. *Malley v. Briggs,* 475 *U.S.* ——, 106 *S.Ct.* 1092, 89 *L.Ed.*2d 271 (1986). The Court stated:

[T]he same standard of objective reasonableness that we applied in the context of a suppression hearing in [*United States v. Leon,* 468 *U.S.* [897], 82 *L.Ed.*2d 677, 104 *S.Ct.* 3405 (1984)] defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest. Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, *Leon, supra,* at —— [923-924], 82 *L.Ed.*2d 677, 104 *S.Ct.* 3405 [at 3422] will the shield of immunity be lost. [475 *U.S.* at ——, 89 *L.Ed.*2d at 280-281, 106 *S.Ct.* at 1098 (footnote omitted)].

■ The defendant's behavior was not tested by the "objective reasonableness" standard outlined in *Malley* and *Leon.* The test the jury was instructed to apply lacked substantial definition and clearly could have prejudiced defendant's right to have the benefit of the qualified immunity to which she was

entitled. Thus, a retrial will be required. However, since the jury found no malice and that finding is without taint, that issue shall not be retried upon remand.

■ Defendant urges that the defense of advice of counsel is a bar to this action. Reliance upon counsel's advice may be conclusive of the existence of probable cause for initiating criminal proceedings, if it is sought in good faith and is given after a full disclosure of the facts within the accuser's knowledge and information. *See Dellums v. Powell*, 566 *F*.2d 167, 185–186 (D.C.Cir.1977), *cert.* den. 438 *U.S.* 916, 98 *S.Ct.* 3146, 57 *L.Ed.*2d 1161 (1978); *Psinakis v. Psinakis*, 221 *F*.2d 418, 424–425 (3d Cir.1955); *Anthony v. White*, 376 *F.Supp.* 567, 573 (D.Del.1974); *Dombroski v. Metropolitan Life Ins. Co.*, 126 *N.J.L.* 545, 547–548 (E. & A. 1941); *Galafaro v. Kuenstler*, 53 *N.J.Super.* 379, 386–387 (App.Div.1958); *Restatement (Second) of Torts* § 666(1)(a) and (b) (1977); *Prosser and Keeton, The Law of Torts* § 119 at 878 (5th ed. 1984).

It was for the jury to determine what facts were within defendant's knowledge at the time she instituted the complaint and whether she made full and fair disclosure to the prosecutor of all facts which a reasonable person would regard as important. *Hogan v. Robert H. Irwin Motors, Inc.*, 121 *N.H.* 737, 433 *A.*2d 1322, 1324–1325 (1981); *see Carroll v. Gillespie*, 14 *Mass.App.Ct.* 12, 436 *N.E.*2d 431, 436 (1982); *Prosser and Keeton, supra*, § 119 at 878.

One who institutes a prosecution is responsible not only for the facts known, but also for all pertinent facts which could have been ascertained by due diligence prior to the commencement of the prosecution. *Hoene v. Associated Dry Goods Corp.*, 487 *S.W.*2d 479, 483 (Mo.1972). *See also Carroll*, 436 *N.E.*2d at 436–437; *Hirth v. Hall*, 96 *N.M.* 58, 627 *P.*2d 1257, 1259 (App.Ct.1981).

■ The factual dispute surrounding defendant's defenses required resolution by the jury. *Lynn v. Smith*, 281 *F*.2d 501, 504–506 (3d Cir.1960); *Dombroski*, 126 *N.J.L.* at 547; *Lampos*

*v. Bazar, Inc.*, 270 *Or.* 256, 527 *P.*2d 376, 383–384 (1976). Defendant admitted she had no reason to believe plaintiff would not cooperate or would try to disappear and that she was not concerned for the safety of the child who was still hospitalized. A reasonable jury could properly have found the circumstances to require further investigation and that further inquiry would have disclosed Dr. Fuller's exculpatory opinion negating probable cause. *See Carroll*, 436 *N.E.*2d at 437; *Lambert v. Sears, Roebuck & Co.*, 280 *Or.* 123, 570 *P.*2d 357, 362 (1977); *see also Watzek v. Walker*, 14 *Ariz.App.* 545, 485 *P.*2d 3, 6–7 (1971); *Pierce v. Yaccarino*, 72 *N.J.Super.* 252, 263 (App.Div.1962); *Lampos*, 527 *P.*2d at 382–383; *Restatement, supra*, § 666 comment f.

A trial judge may only grant judgment notwithstanding the verdict if, accepting as true all the evidence supporting plaintiff's position and according him all legitimate inferences deducible therefrom, reasonable minds could not differ in finding that the proofs fail to support the verdict. *R.* 4:40–2; *Dolson v. Anastasia*, 55 *N.J.* 2, 5 (1969).

Reasonable minds could differ as to whether defendant acted upon probable cause. She relied upon the D.Y.F.S. report and made no independent investigation even though plaintiff's statement was exculpatory and should have caused a prudent person to ascertain its veracity. The existence of a "mere belief or suspicion" of crime is not probable cause. *State v. Macri*, 39 *N.J.* 250, 257 (1963). Entry of judgment n.o.v. was inappropriate. *Dolson*, 55 *N.J.* at 5.

■ Defendant claims it was reversible error to admit Dr. Fuller's letter in evidence. The post-complaint letter was not offered to prove the truth of its contents but to show what defendant would have known prior to signing the complaint if she had been diligent. It therefore did not constitute hearsay evidence. *Evid. R.* 63. It was relevant to the issue of her conduct leading to the filing of the complaint. *Evid. R.* 1(2). No abuse of discretion in admitting the letter has been shown

sufficient to establish a manifest denial of justice. *State v. Carter,* 91 *N.J.* 86, 106 (1982).

We reverse the order for judgment n.o.v. and set aside the jury verdict. We remand to the trial court for a new trial.