967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sheryl NEILL, Plaintiff-Appellant,
v.
CITY OF CONCORD, CALIFORNIA; Timothy Runyon, Defendants-Appellees.
 No. 90-15556.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1992.
Decided June 26, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This court sua sponte raised a question as to appellate jurisdiction in this case because the appellant filed her notice of appeal prior to the district court's written order denying her Rule 59 motion. The district court denied the motion for a new trial orally from the bench on March 27, 1990, and the notice of appeal was filed on April 18, 1990. The written order denying the motion for new trial and imposing sanctions on plaintiff's counsel was filed on May 7, 1990.
 
 
 3
 Had the denial of the motion for new trial been entered on the docket sheet, it would have triggered the time for filing a notice of appeal. The premature notice of appeal would have had no effect, and the period for filing an appeal would have expired without a timely notice of appeal. However, as appellant's counsel correctly notes, the denial was never "entered," and therefore the time limit for filing a notice of appeal was never triggered.
 
 
 4
 Under the applicable Civil and Appellate Rules, and all relevant Supreme Court and circuit decisions, it is the "entry" of the order disposing of the Rule 59 motion which starts the time for notice of appeal running. Federal Rule of Appellate Procedure 4(a)(4) provides in relevant part:
 
 
 5
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. (emphasis added).
 
 
 6
 Federal Rule of Appellate Procedure 4(a)(6) states:
 
 
 7
 A judgment or order is entered within the meaning of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.
 
 
 8
 Federal Rule of Civil Procedure 79(a) explains the docket and provides:
 
 
 9
 Civil Docket. The clerk shall keep a book known as "civil docket".... All papers filed with the clerk, all ... orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed ... and the substance of each order or judgment of the court.... The entry of an order or judgment shall show the date the entry is made. (emphasis added).
 
 
 10
 Thus, in Acosta v. Louisiana Department of Health and Human Resources, 478 U.S. 251, 253-54 (1986) (per curiam), the Supreme Court applied the language of Rule 4(a) literally in holding that a notice of appeal is ineffective unless it is filed after entry of the judgment or order in the docket. We said in Beaudry Motor Co. v. ABKO Properties, 780 F.2d 751, 754 (9th Cir.), cert. denied, 479 U.S. 825 (1986):
 
 
 11
 It is the date of "entry" of a judgment or order that starts the time period for noticing an appeal. A judgment or order is not entered within the meaning of Fed.R.App.P. 4(a) unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure. Fed.R.App.P. 4(a)(6). Rule 58 requires that every judgment be set forth on a separate document, and Rule 79(a) details the civil docketing procedure to be followed by the district court clerk when entering the judgment. (citation and footnotes omitted).
 
 
 12
 Where the judgment or order appealed from is not properly entered, the time limit for filing the appeal does not run and the court may accept jurisdiction. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978) (per curiam); Allah v. Superior Court, 871 F.2d 887 (9th Cir.1989). For reasons of efficiency, the parties are deemed to have waived the formal entry requirements without going through the needless formality of dismissing the appeal and waiting for the district court clerk to make the appropriate entry. "Wheels would spin for no practical purpose" if waiver were not permitted. Vernon v. Heckler, 811 F.2d 1274, 1276-77 (9th Cir.1987). For the reasons set forth above, jurisdiction is proper, and we reach the merits of the appellant's argument.
 
 
 13
 Sheryl Neill appeals the district court's grant of summary judgment in favor of the City of Concord in her 42 U.S.C. § 1983 action. Neill filed this civil rights action against the City, asserting that she was unlawfully detained and arrested by a City police officer. On appeal she argues that the court erred by deciding as a matter of law that the officer had reasonable suspicion to detain her, and probable cause to arrest her. We agree.
 
 
 14
 In a section 1983 action for illegal detention or arrest, the reasonableness of the officer's conduct is a question of fact reserved for the jury. McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th Cir.1984). The jury in this case was instructed that if it answered yes to seven narrow, fact specific questions, it had to also find that the officer involved had reasonable suspicion to detain Neill and probable cause to arrest her. Under the law of this Circuit, in a section 1983 action, the reasonableness of an officer's conduct in detaining or arresting a suspect is a question of fact to be determined by the jury. Id.; Smiddy v. Varney, 665 F.2d 261, 265 (9th Cir.1981), cert. denied, 459 U.S. 829 (1982); Gilker v. Baker, 576 F.2d 245, 247 (9th Cir.1978) (jury must resolve factual questions and decide the "ultimate issue" of probable cause). Because a jury could rationally have concluded that neither reasonable suspicion nor probable cause supported Neill's detention and arrest, Neill was prejudiced by the erroneous instructions.
 
 
 15
 At trial, Neill sought to introduce evidence that the misdemeanor charges filed against her, as a result of this incident, had been dropped by the City. The court acted within its authority in excluding this evidence. Federal Rule of Evidence 403 gives a trial court broad discretion to exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." See Liew v. Official Receiver & Liquidator, 685 F.2d 1192, 1195 (9th Cir.1982). Had Neill been permitted to introduce evidence of the dismissal, a collateral factual inquiry into why the charges were dismissed would have been necessary. Dismissal of the charges alone, without attendant information on the grounds for dismissal, would shed no light on whether the officer's conduct was reasonable.
 
 
 16
 Neill's final argument on appeal involves Rule 11 sanctions imposed against her counsel. The court imposed a $250 sanction upon Neill's counsel because she filed a new trial motion, based on the impropriety of the jury instructions, which referred to a statement made by a juror concerning jury deliberations. The court appropriately refused to consider this evidence under Rule 606(b). The additional imposition of sanctions presents a different issue. Under Rule 11, sanctions must be imposed for (1) frivolous filings and (2) filings for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc). Neill's motion for a new trial asserted that jury instruction given by the court erroneously took from the jury the ultimate issue of reasonableness. In support of this argument, Neill's counsel referred to a juror statement received after the verdict was announced. Inclusion of this reference to the juror statement did violate Rule 606(b). The new trial motion, however, did not contain a frivolous claim, nor was it filed for an improper purpose. See Townsend, 929 F.2d 1358.
 
 
 17
 The order imposing sanctions is VACATED. The judgment is REVERSED and the matter is REMANDED for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3