Peter JEFFERSON, as Guardian ad Litem for Vladimir Jefferson, Plaintiff–Appellant,

v.

COUNTY OF NAPA; County of Napa Child Protective Services, Defendants–Appellees.

No. 04–16819.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed March 13, 2007.

Thomas B. Gill, Esq., Beverly Saxon Leonard, Esq., The Saxon Leonard Law Firm, Napa, CA, for Plaintiff–Appellant.

Gary M. Lepper, Esq., Wakako Uritani, Lepper & Harrington, Walnut Creek, CA, for Defendants–Appellees.

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Peter Jefferson, as guardian ad litem for his minor son, Vladimir Jefferson, appeals the district court's grant of summary judgment in favor of the County of Napa and the County of Napa Child Protective Services as to Jefferson's claim under 42 U.S.C. § 1983. We reverse.

The evidence shows that Vladimir was removed for questioning from his classroom in a private school without a warrant. The removal was at the behest of and pursuant to an assertion of authority by a Napa County Child Protective Services

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

worker.[1] The evidence leaves no doubt that Vladimir was detained for questioning, at least temporarily, and the County has not come forward with any evidence that the questioning was pursuant to a valid consent by Vladimir, or to any consent by his parents or the school authorities. The County had the burden of coming forward with evidence of that. *See Dubner v. City and County of San Francisco*, 266 F.3d 959, 965–66 (9th Cir.2001); *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir.1978).[2] Moreover, absent consent, the County had the burden of coming forward with evidence to show the reasonableness of its actions under the circumstances. *Dubner*, 266 F.3d at 965–66; *Gilker*, 576 F.2d at 246. It did not do so.

We hasten to add that we are not deciding that the detention of Vladimir was without consent; nor are we deciding that it was not reasonable. Our determinations are based on the undeveloped record at summary judgment, and are not meant to establish any facts as the law of the case.

REVERSED.

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent. The majority concludes that the County failed to meet its burden of showing that its actions were reasonable under the circumstances. As discussed below, I disagree that the County bore the burden of proof. Nevertheless, the record in this case reflects that the County produced sufficient evidence of reasonableness.

Denise Seely, a County caseworker, submitted a declaration that she met with the child after a report of domestic violence in the child's home. The child was interviewed during school hours and was given the choice of being interviewed "in private or in the company of another adult." After the child chose to be interviewed without "the company of another adult," he was interviewed briefly.

In opposition to the County's summary judgment motion, the child's father submitted an affidavit stating only that "a woman" took his son out of class, and that the "meeting" lasted "for approximately one half-hour." There was no assertion of coercion, threats or use of force.

As the party opposing summary judgment, the child's father had the burden of establishing a material issue of fact on the reasonableness inquiry. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (en banc) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case.") (citations and internal quotation marks omitted); *see also Meyers v. Redwood City*, 400 F.3d 765, 770 (9th Cir.2005) ("In order to prevail on [his] search and seizure claim, the Plaintiff[ ] must demonstrate that the Defendants . . . unreasonably seized the . . . person[ ] . . .") (citations and internal quotation marks omitted). Because the Plaintiff failed to meet this burden, the district court judge properly granted summary judgment in favor of the County. I would affirm that judgment.

---

**1.** On this record, there is no indication that the CPS worker's actions were not pursuant to County (and, perhaps, even state) policies. The district court assumed that they were.

**2.** Of course, the burden of going forward with the evidence did not shift the burden of persuasion to the County. *Dubner*, 266 F.3d at 965–66; *Gilker*, 576 F.2d at 246.