**Kenneth S. CAMERON, Plaintiff-Appellant,**

v.

**Matthew FOGARTY, Defendant.**

**No. 835, Docket 82–2118.**

United States Court of Appeals, Second Circuit.

Argued Feb. 18, 1983.

Decided April 20, 1983.

Andrew Sommer, Law Student, Washington Square Legal Services, Inc., New York City (Claudia Angelos; Burt Neuborne; Benjamin Rosenfeld, Margaret Woo, Law Students, Washington Square Legal Services, Inc., New York City, of counsel), for petitioner-appellant.

Before MANSFIELD, OAKES and NEWMAN, Circuit Judges.

OAKES, Circuit Judge:

This appeal is from a sua sponte dismissal of a prison inmate's pro se complaint, by the United States District Court for the Eastern District of New York, Edward R. Neaher, Judge. We reverse.

Kenneth S. Cameron, confined at the Arthur Kill Correctional Facility after conviction for possession of stolen property, filed a pro se civil rights complaint against New York City police officer Matthew Fogarty on February 22, 1982. Using the form required by the United States District Court for the Eastern District of New York, Cameron stated the following claim:

> Without issuing Miranda warnings they detained me and forced me to go to the precienct. They stop my car for running a red light, didn't issue any red light

ticket. I was stop for a traffic infraction and then resulted in a costodial arrest and a illegal search without probable cause. This arrest is a violation of my constitutional rights. U.S.C.A. This is buttress by the trial record—see statements of facts attached.

Although such a claim, if not fully and fairly litigated in the state court proceedings, could state Fourth Amendment grounds for a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Cameron was not challenging the constitutionality of his conviction. Rather, he sought monetary damages under 42 U.S.C. § 1983 for the period from his arrest, allegedly without probable cause, until the determination a week later of probable cause to hold him for trial.[1] Although he did not pay the $60 filing fee, he did not request waiver, which he might have done under 28 U.S.C. § 1915; accordingly, his filed complaint was stamped to note that the fee was due the court.

On March 22, 1982, Judge Edward R. Neaher issued a Memorandum Order dismissing the complaint as frivolous. He stated that the action was before him on Cameron's application for leave to proceed in forma pauperis, 28 U.S.C. § 1915, which the court may dismiss if frivolous. *Id.* § 1915(d). Further, he dismissed the complaint because it sought to "circumvent the exhaustion requirements of the habeas corpus statute, 28 U.S.C. § 2254(b), by presenting his claim in the guise of a civil rights action."

Cameron filed a timely notice of appeal, which the district court treated as a motion for leave to appeal in forma pauperis and denied as not taken in good faith. Cameron docketed his appeal on April 19, again without payment of fees, and this court granted his June 1 motion to proceed in forma pauperis and for appointment of counsel. Noti-

---

1. The prayer for relief stated: "Award me with monetary damages of 7,000,000.00; Award me with punitive damages of 7,000,000.00; Award me with compensatory damages of 7,000,000.00." The civil docket sheet indicates that Cameron had filed four related actions between

1980 and 1982, all assigned to Judge Neaher. Cameron's complaint form, on the other hand, stated that he had not begun other lawsuits in state or federal court dealing with the same facts involved in the § 1983 action or otherwise relating to his imprisonment.

fied of this appeal, the Corporation Counsel of the City of New York declined to appear or participate, noting in a letter to the court that, as the district court docket sheet confirms, Cameron's original § 1983 complaint had never been served on Officer Fogarty, and he was not, therefore, a party.

■ Once again, a district court has acted prematurely in dismissing a prisoner's pro se civil rights complaint without service of process and response from the named defendant. Procedurally, service of process of a filed complaint is not discretionary. Fed.R.Civ.P. 3, 4(a). This court has previously indicated its disfavor with the use of the in forma pauperis screening procedure to dismiss prisoners' complaints on the merits after filing and before service. *Bayron v. Correctional Officer Trudeau,* 702 F.2d 43, 45 (2d Cir.1983); *Moorish Science Temple of America, Inc. v. Smith,* 693 F.2d 987, 990 (2d Cir.1982); *Lewis v. State of New York,* 547 F.2d 4, 6 (2d Cir.1976). We understand a busy district judge's impatience with inartful pleadings and do not, of course, hold that dismissal would be inappropriate on motion of the defendant when the pleadings indicate that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). As we must once again point out, however, the pro se complaint must be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), and like all pleadings, must be construed so as to do substantial justice. Fed.R.Civ.P. 8(f). For purposes of dismissal, the allegations in the complaint must be accepted as true. *Cooper v. Pate,* 378 U.S. 546, 546, 84 S.Ct. 1733, 1734, 12 L.Ed.2d 1030 (1964) (per curiam).

■ In the instant case, the district court dismissed the action sua sponte under 28 U.S.C. § 1915(d) when Cameron had in fact apparently not sought to proceed in forma pauperis. True, the record is somewhat ambiguous. The filing of the complaint straddles the fence, for Cameron neither paid the filing fee nor petitioned to proceed in forma pauperis. The court clerk is not required to render services unless a statutory fee is paid in advance. E.D.N.Y.Gen.R. 29. The court apparently resolved this ambiguity by treating the petition as though in forma pauperis papers had been filed. The appropriate procedural response on the part of the court, or the clerk of court, however, would be to notify the plaintiff that he must either pay the filing fee or submit the in forma pauperis petition accompanied by an affidavit of inability to pay the fee. The district court therefore erred in dismissing the complaint under the standards of the in forma pauperis statute, 28 U.S.C. § 1915(d).

■ On remand, Cameron may well ask the court to waive fees and costs. The statute permits the court to dismiss the case if it concludes that the allegation of poverty is untrue, or if it is "satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).[2] Although the legal standard for "frivolity" is not clearly explicated by the courts, we believe that a federal judge should not dismiss a prisoner's pro se, in forma pauperis claim as frivolous unless statute or controlling precedent clearly forecloses the pleading, liberally construed. Such a standard is consistent with *Conley v. Gibson, Haines v. Kerner,* and the Federal Rules of Civil Procedure. So stating we do not address the issue whether a conviction bars a subsequent civil rights claim based on lack of probable cause to arrest,[3] or

---

**2.** All district courts use the statute to screen and dismiss cases ex parte, but the screening practices are not uniform and are seldom published for the information of the pro se litigant or counsel. *See generally* Turner, *When Prisoners Sue: A Study of Prisoner Section 1983 Suits in the Federal Courts,* 92 Harv.L.Rev. 610, 618 (1979).

**3.** In *Pouncey v. Ryan,* 396 F.Supp. 126, 127 (D.Conn.1975), the court concluded that an allegation of arrest without probable cause under 42 U.S.C. § 1983 is in the nature of the common law tort action of false arrest and false imprisonment, and that a valid judgment of conviction, a defense to the tort, requires dismissal of a § 1983 action on motion for summary judgment. Other courts have disagreed.

whether under the principles of *Allen v. McCurry,* 449 U.S. 90, 103–04, 101 S.Ct. 411, 419, 66 L.Ed.2d 308 (1980), appellant may be barred by collateral estoppel.

The court erred in dismissing the petition under 28 U.S.C. § 1915, and the case is remanded.

*See, e.g., Guerro v. Mulhearn,* 498 F.2d 1249, 1254 (1st Cir.1974) ("false arrest . . . may constitute a compensable wrong . . . wholly apart

from the question of whether conviction was proper"). This Circuit appears never to have resolved the question.