**John F. "Jack" WALSH, et al., Plaintiffs,**

v.

**FORD MOTOR COMPANY, Defendant.**

Civ. A. No. 81–1998.

United States District Court, District of Columbia.

April 13, 1984.

Beverly C. Moore, Bethesda, Md., Landon Gerald Dowdey, Washington, D.C.,

Seymour Kurland, Barry F. Schwartz, Kenneth J. Warren, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

William T. Coleman, Jr., Richard Warmer, Carl R. Schenker, Jr., John H. Beisner, O'Melveny & Myers, Washington, D.C., for defendant.

## ORDER

JUNE L. GREEN, District Judge.

Upon consideration of a number of motions filed by plaintiffs and defendant herein, the briefing in support of and opposition thereto, as well as the entire record in this action, and pursuant to rulings issued from the bench during a status conference in this action on April 4, 1984, it is by the Court this 12th day of April 1984,

ORDERED that plaintiffs' first Motion to Add Parties (dated October 7, 1983) to the Second Amended Complaint is denied; it is further

ORDERED that denial of this motion shall not affect those individuals' rights, which they may have, as members of any class that may be certified; it is further

ORDERED that plaintiffs' Motion for Leave to Amend the Second Amended Complaint to Include 1980 Model Year Pre-Design Change Automatic Overdrive ("AOD") Transmissions or, Alternatively to Amend ¶ 19 II(a) to Allege Breach of Warranty and Negligence with Respect to the AOD Transmission in Connection with Claims of Plaintiffs B & W Grain, Inc. and Nola B. Whitley (dated November 14, 1983) is denied; it is further

ORDERED that pursuant to the foregoing ruling, this Court's Memorandum Opinion of March 14, 1984, 588 F.Supp. 1513, shall be amended to indicate that the claims of Nola B. Whitley and B & W Grain, Inc. (¶ 19(II)(a)) may not be counted toward meeting the 100-plaintiff jurisdictional requirement of the Magnuson-Moss Act but without prejudice to Ms. Whitley's diversity jurisdictional claim; it is further

ORDERED that plaintiffs' Motion to Amend the Second Amended Complaint to Conform to the Record Already Developed (dated March 26, 1984), is denied; it is further

ORDERED that defendant's Motion for Reconsideration Regarding Classification of Further Plaintiffs in the Appendices to Memorandum Opinion (dated March 26, 1984) is granted, in part, to the extent that this Court's March 14 Memorandum Opinion shall be amended to indicate that the relevant District of Columbia statute of limitations concerning warranty claims, D.C.Code Ann. § 28:2-725, shall be applied to all warranty claims in this action, regardless of where they arose, *Forrestal Village v. Graham*, 551 F.2d 411, 413 (D.C. Cir.1977); it is further

ORDERED that pursuant to the foregoing ruling, this Court's Memorandum Opinion and Appendices B and D thereof shall be amended to indicate (1) that the warranty claims of three plaintiffs to which longer statutes of limitations of other jurisdictions were previously applied—John J. Godbold (¶ 19(I)(i)), Kay Planting (¶ 19(I)(n)), and Jerome Eureti (¶ 19(II)(kkkk))—must be dismissed on statute of limitations grounds and may not be counted toward meeting the 100-named plaintiff jurisdictional requirement under the Magnuson-Moss Act and (2) that for the same reasons, the Opinion and Appendices shall be amended to indicate that the warranty claims of Kathleen J. and Carlo Campione (¶ 19(I)(c)), already dismissed on other grounds, should be dismissed on statute of limitations grounds as well; it is further

ORDERED that the remainder of defendant's Motion for Reconsideration of the Court's March 14, 1984 decision is denied; and it is further

ORDERED that oral argument regarding plaintiffs' pending motion for class certification shall be heard on May 24, 1984, at 3:00 p.m., in Courtroom 7.