**Alfredo COLON, Plaintiff,**

v.

**Robin COLON, Defendant.**

**No. Civ–85–001T.**

United States District Court, W.D. New York.

Jan. 17, 1985.

## DECISION and ORDER

TELESCA, District Judge.

Plaintiff, Alfredo Colon, instituted this civil rights action pursuant to 42 U.S.C. Section 1983 against his wife, Robin Colon, "in her personal individual capacity" for alleged violations of his constitutional rights. According to the complaint, "The plaintiff alleges that his wife has violated all the agreements implement [sic] in their marriage licence [sic]. His wife refuses to write him while in prison or to communicate with him by telephone, visits, etc.".

The facts alleged by plaintiff are admittedly moving, but they most certainly do not amount to a violation of any rights protected by the United States Constitution. The First Amendment unquestionably protects the right of a prison inmate to receive mail, *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), but only if there is someone outside the prison who is interested in writing to him.

Plaintiff's wife may someday be moved to write or call him, perhaps out of a sense of natural affection, or in recognition of the sacred intimacy they share through the bonds of marriage. (The likelihood of that prospect may be diminished, however, now that plaintiff has sued her for a total of $200,000 in compensatory and punitive damages.) Although her conscience may one day compel Robin Colon to write to her husband, the Constitution will never do so. On the contrary, the Constitution guarantees that defendant need never write or call

anyone against her will. The right of freedom of thought protected by the First Amendment "includes both the right to speak freely and the right to refrain from speaking at all". *Wooley v. Maynard,* 430 U.S. 705, 714, 97 S.Ct. 1428, 1435, 51 L.Ed.2d 752 (1977). Criminal defendants are not the only Americans who enjoy the celebrated constitutional "right to remain silent".

A District Court is empowered by 28 U.S.C. Section 1915(d) to dismiss *sua sponte* a pro se civil rights complaint which is frivolous on its face. *Fries v. Barnes,* 618 F.2d 988 (2d Cir.1980). The Court of Appeals for this Circuit has cautioned that "a federal judge should not dismiss a prisoner's pro se, *in forma pauperis* claim as frivolous unless statute or controlling precedent forecloses the pleading, liberally construed." *Cameron v. Fogarty,* 705 F.2d 676, 678 (2d Cir.1983). Such is the case here, even if all the allegations of plaintiff's complaint are construed liberally in his favor. Accordingly, plaintiff's complaint is dismissed.

ALL OF THE ABOVE IS SO ORDERED.