Christopher BREADS, Plaintiff,

v.

Ray ELLIS, Defendant.

No. Civ-85-489T.

United States District Court,
W.D. New York.

May 8, 1985.

Christopher Breads, pro se.

## DECISION AND ORDER

TELESCA, District Judge.

Plaintiff, Christopher Breads, has instituted this civil rights action pursuant to 42 U.S.C. Section 1983 against Ray Ellis, a Deputy Sheriff for Livingston County, and has requested permission to proceed *in forma pauperis*. 28 U.S.C. Section 1915.

According to the complaint, plaintiff was arrested by the defendant less than three (3) months ago, on February 12, 1985, and is presently still in custody. Plaintiff alleges that he was not informed of his *Miranda* rights before he was coerced into making several incriminating statements. The complaint seeks only equitable relief, and asks this Court to dismiss the charges pending against the plaintiff in the Livingston County Courts.

■ It is now settled that the federal anti-injunction statute, 28 U.S.C. Section 2283, does not absolutely foreclose a federal court in a Section 1983 suit from granting an injunction to stay a proceeding pending in a state court. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). In so concluding, however, *Mitchum* did "not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding". *Id.*, at 243, 92 S.Ct. at 2162. The Supreme Court has repeatedly stated that, "In view of the fundamental policy against federal interference with state criminal prosecutions", such injunctive relief may only be obtained to avoid irreparable injury which is "both great and immediate". *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971).

It is clear that the allegations of plaintiff's complaint, liberally construed in his favor, could not possibly establish the irreparable injury required for federal injunctive relief from his pending state criminal proceedings. As the Supreme Court has stated,

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger, supra*, 401 U.S. at 46, 91 S.Ct. at 751.

■ Accordingly, I must conclude that the allegations of plaintiff's complaint cannot establish the sort of irreparable injury required for federal injunctive relief. Plaintiff may (and should) raise his federal constitutional claims in his defense in the state courts, before seeking federal equitable relief. As the Supreme Court has repeatedly emphasized, "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court". *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973)[1]; *see also, United States, ex rel. Scranton v. State of New York*, 532 F.2d 292 (2d Cir.1976).

■ This Court is empowered by 28 U.S.C. Section 1915(d) to dismiss *sua sponte* a *pro se* civil rights complaint which, when liberally construed, is conclusively foreclosed by statute or controlling precedent. *Cameron v. Fogarty*, 705 F.2d 676, 678 (2d Cir.1983). Such is the case here, and plaintiff's complaint is therefore dismissed.

SO ORDERED.

---

**1.** Although *Braden* involved the exhaustion requirement for federal habeas corpus relief, that doctrine has its roots in the same concerns for federalism which dictate my decision in this case.