Frank J. SERNAK, Appellant,

v.

KRENZEN CADILLAC, INC., et al., Defendants,

American Warranty Corporation, Respondent.

No. C7–87–326.

Court of Appeals of Minnesota.

Nov. 17, 1987.

Mark L. Knutson, Duluth, for appellant.

David R. Oberstar, Paul F. Schweiger, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for respondent.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

This appeal arises out of a contract between appellant Frank J. Sernak and defendant Krenzen Cadillac, Inc. Prior to trial, defendants Krenzen and Cadillac Motor Car Division of General Motors Corporation settled their claim with appellant. Following trial, the court found no contractual relationship between appellant and respondent American Warranty Corporation and no statutory violations. We affirm.

## FACTS

On February 28, 1978, appellant purchased a 1978 Cadillac El Dorado and a vehicle services contract from Krenzen. The vehicle was delivered to appellant on March 1, 1978. The vehicle services contract, which would extend coverage for certain repairs for up to five years or 50,000 miles, cost $355.

## ISSUES

1. Did the trial court err in determining no contractual relationship existed between appellant and respondent?

2. Did the trial court err in determining appellant failed to prove a statutory violation?

## ANALYSIS

Findings of fact made by a trial court sitting without a jury will not be set aside unless clearly erroneous, and due regard shall be given to the trial court's opportunity to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01. When the lower court is the trier of fact, its findings on disputed questions are entitled to the same weight as a jury verdict and will not be upset merely because a reviewing court may view the evidence differently. *Tonka Tours, Inc. v. Chadima,* 372 N.W.2d 723, 726 (Minn.1985). The trial court's findings must be manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole. *Id.*

■ 1. Appellant first assets a contractual relationship existed between himself and

respondent. Language found in a contract is to be given its plain and ordinary meaning. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 67 (Minn.1979) (citing *Employers Mutual Liability Insurance Co. v. Eagles Lodge*, 282 Minn. 477, 479, 165 N.W.2d 554, 556 (1969)). A review of the plain meaning of the vehicle services contract establishes there are no ambiguities. The vehicle services contract provides, in part:

> Your dealer has appointed the American Warranty Corporation (AWC) to be the administrator of your service contract. As the administrator, *AWC has no liability to you under this agreement.* In the event you are traveling or you are unable to reach your dealer, call the toll free number listed below. This number is maintained by AWC as a service to you and your dealer in an emergency situation.

(Emphasis added.)

The parties to the contract are the dealer, Krenzen, and the customer, Sernak. Respondent's only involvement was that of contract administrator. We find respondent was clearly not a party to the vehicle services contract.

■ Next, appellant contends he is a third-party beneficiary of the contract. In *Cretex Companies v. Construction Leaders, Inc.*, 342 N.W.2d 135 (Minn.1984), the Minnesota Supreme Court described two tests for determining a third party beneficiary:

> [F]irst an "intent to benefit" test, i.e., the contract must express some intent by the parties to benefit the third-party through contractual performance; and second, a "duty owed" test, i.e., that the promisor's performance under the contract must discharge a duty otherwise owed the third party by the promisee.

*Id.* at 138.

While there may well be a contract between Krenzen and respondent, appellant failed to establish the existence of such a contract. Since appellant cannot establish the existence of any other contract for which he may be a third-party beneficiary, his argument is without merit. As a result, we hold the trial court properly found no contractual relationship existed between appellant and respondent.

2. Appellant also asserts violations of both the Magnuson–Moss Warranty Act and the Minnesota Consumer Protection Act. Appellant first asserted a claim for violation of the Magnuson–Moss Warranty Act when he moved for leave to file a second amended complaint on May 15, 1985. Appellant's claim for violation of the Minnesota Consumer Protection Act was not presented to the court until trial on November 12, 1986.

The trial court denied appellant's motion for leave to file a second amended complaint to include claim for violation of the Magnuson–Moss Warranty Act by order dated June 21, 1985. At trial, appellant renewed the Magnuson–Moss claim and, for the first time, asserted a claim for violation of the Minnesota Consumer Protection Act. The trial court denied appellant's request to plead the additional claims.

■ Appellant's claim for violation of Magnuson–Moss Warranty Act is barred by the statute of limitations. A four year statute of limitations applies to actions based upon the Magnuson–Moss Warranty Act. *Walsh v. Ford Motor Co.*, 588 F.Supp. 1513, 1521 (D.C.1984), *amended*, 592 F.Supp. 1359 (D.C.1984). "A breach of warranty occurs when tender of delivery is made." *Id.* (quoting U.C.C. § 2–725). Pursuant to *Walsh*, appellant's Magnuson–Moss claim had to have been filed within four years of March 1, 1978, the date he took delivery of his vehicle. Appellant's motion to file a second amended complaint was not filed until May 15, 1985.

■ Even if the statute of limitations had not run, the Magnuson–Moss Warranty Act applies only to a "warrantor". "The term 'warrantor' means any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5) (1986). Respondent is not a "warrantor" because it is not a party to

the vehicle service contract executed by appellant and Krenzen.

■ Appellant also asserts a violation of the Minnesota Consumer Protection Act, which prohibits fraud, misrepresentation and deceptive practices in the repair and servicing of motor vehicles. *See* Minn.Stat. § 325F.56 (1986). However, appellant failed to present any evidence to establish respondent was involved in the repair or service of his vehicle. Nor does appellant claim respondent committed fraud. As a result, we hold the trial court did not err in determining appellant failed to prove a statutory violation.

### DECISION

Affirmed.